**WEN YANG LIN, Petitioner,**

v.

**Peter D. KEISLER,[1] Acting
U.S. Attorney General,
Respondent.**

No. 05–4927–ag.

United States Court of Appeals,
Second Circuit.

Oct. 25, 2007.

Wen Yang Lin, pro se, New York, NY, for Petitioner.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Brett L. Tolman, United States Attorney, District of Utah; Dustin Pead, Assistant United States Attorney, Salt Lake City, UT, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. JOSÉ A. CABRANES, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Wen Yang Lin, a native and citizen of the People's Republic of China, seeks review of an August 19, 2005 order of the BIA affirming the March 2, 2004 decision of Immigration Judge ("IJ") Theresa Holmes–Simmons, which denied his application for relief under the Convention Against Torture ("CAT").[2] *In re Wen Yang Lin,* No. A76 641 152 (B.I.A. Aug. 19, 2005), *aff'g* No. A76 641 152 (Immig. Ct. N.Y. City Mar. 2, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (en banc).

We find that substantial evidence supports the agency's denial of Lin's CAT claim. We have held that without any particularized evidence, an applicant cannot demonstrate that he is more likely than not to be tortured "based *solely* on the fact that [he] is part of the large class of persons who have left China illegally" and on generalized evidence indicating that torture occurs in Chinese prisons. *Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 160 (2d Cir.2005) (emphasis in original); *see also Pierre v. Gonzales,* 502 F.3d 109, 118–19 (2d Cir.2007) (holding that beyond evidence of inhumane prison conditions, a CAT claimant must provide some evidence that the authorities act with the specific intent to inflict severe physical or mental pain or suffering on those detained).

Here, Lin provided no basis for the IJ to conclude that he, or someone in his "particular alleged circumstances," faces an elevated risk of persecution or torture. *See Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 144 (2d Cir.2003). Although Lin testified that a man from his village had been imprisoned and fined for illegally departing China, such lawfully imposed sanctions do not constitute torture. *See* 8 C.F.R. § 208.18(a)(3) (noting that torture does not include pain or suffering arising only from, inherent in, or incidental to, lawful sanctions). Moreover, Lin did not point to any particular similarities between this man's circumstances and his own situation. *See Mu Xiang Lin,* 432 F.3d at 160. Accordingly, substantial evidence supports the agency's conclusion that Lin failed to meet the high burden of proof for his CAT claim. *See Mu–Xing Wang,* 320 F.3d at 143–44.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that

---

2. Although the IJ's decision purported to deny Lin's application for asylum and withholding of removal, as the BIA properly observed, Lin never applied for that relief.

the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).